# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:10cv289-RJC
### (3:06cr363-RJC-3)

GERALD ADRIAN WHEELER,                )
                                      )
    Plaintiff,                    )
                                      )
       v.                     )          **ORDER**
                                      )
UNITED STATES OF AMERICA,             )
                                      )
    Defendant.                    )
_____)

**THIS MATTER** comes before the Court on Petitioner's Motion to Alter or Amend

Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. No. 7). Also

before the Court is Petitioner's motion to supplement his Rule 59(e) motion with an exhibit.

(Doc. No. 8).

On September 28, 2006, Petitioner was named in four counts of a nineteen count

Superceding Bill of Indictment. (Case No. 3:06cr363-3, Doc. No. 39). On April 3, 2007, the

parties filed a plea agreement with this Court. (Id. at Doc. No. 66). On April 17, 2007, pursuant

to the terms of the plea agreement, Petitioner entered a guilty plea at his Rule 11 hearing to

conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana in violation

of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count One), knowingly using and carrying a firearm

during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Six),

and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (Count

Seven). (Id. at Doc. No. 69). The Government dismissed Count Five, which charged Petitioner

with possession of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1)

and (b)(1)(b) and 18 U.S.C. § 2. On February 28, 2008, this Court sentenced Petitioner to 120 months' imprisonment on Count One with 60 months' consecutive on Count Six, and 70 months' concurrent on Count Seven. (Id. at Doc. No. 115). The Court entered Judgment on March 13, 2008. (Id. at Doc. No. 108). Petitioner appealed, and on May 21, 2009, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence and conviction. United States v. Wheeler, 329 F. App'x 481, 484 (4th Cir. 2009) (unpublished).

On June 29, 2010, Petitioner timely filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). In it, Petitioner alleged that his counsel was ineffective: (1) for failing to challenge the erroneous use of a prior state conviction as a predicate offense for § 851; (2) for allowing Petitioner to be unconstitutionally sentenced with regard to Count Seven; and (3) for failing to challenge his § 924(c) conviction for lack of a factual basis. On March 17, 2011, the Court dismissed Petitioner's motion to vacate on initial review. (Doc. No. 5). Petitioner filed the instant Rule 59(e) motion to alter or amend judgment on April 4, 2011. (Doc. No. 7).

The Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) "'to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir. 2006) (quoting Pacific. Ins. Co. v. American. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). None of these avenues of relief applies here; Petitioner has not cited an intervening change in the law, new evidence not previously available, or a clear error of law. Instead, Petitioner essentially reargues his Motion to Vacate. "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment[.]" Pac. Ins. Co., 148 F.3d at 403.

As for Petitioner's motion to supplement his Rule 59(e) motion with an exhibit, that motion will be denied as moot. (Doc. No. 8). The proposed exhibit, a copy of the criminal judgment for Petitioner's 1996 state conviction for possession of cocaine (id. at 3-4), already has been admitted in the record as an exhibit to Petitioner's Motion to Vacate (Doc. Nos. 2-5, 2-6).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. No.7) is **DENIED,** and Petitioner's motion to supplement the Rule 59(e) motion (Doc. No. 8) is **DENIED** as moot..

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, this Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Signed: April 8, 2011

Robert J. Conrad, Jr.
Chief United States District Judge